IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

ELAINE HARVEY                                                                                         PLAINTIFF

v.                                                               CASE NO.: 20-390

MAR-JAC POULTRY MS, LLC                                                             DEFENDANT

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Elaine Harvey, by and through her counsel, Watson & Norris, PLLC, brings this action against Mar-Jac Poultry MS, LLC, to recover damages for violations of her rights under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, as amended. As more specifically set forth below, Plaintiff has been subjected to unlawful interference with her FMLA leave rights in the terms and conditions of her employment with Defendant. The actions of the Defendant constitute a willful violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, as amended. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.    Plaintiff, Elaine Harvey, is an adult resident citizen of Marion County, Mississippi. Plaintiff is an eligible employee as defined by the FMLA.

2.    Defendant, Mar-Jac Poultry MS, LLC, is a Mississippi Limited Liability Corporation that may be served with process through its registered agent: National Registered Agents, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant is a covered employer under the FMLA.

**JURISDICTION AND VENUE**

3.    This action arises under the Family and Medical Leave Act of 1993, 29

1



U.S.C. § 2601 *et seq.*, as amended.

4. This Court has concurrent jurisdiction for actions that arise under the FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF FACTS

6. Plaintiff is a 46-year old adult female resident of Marion County, Mississippi.

7. Plaintiff was hired as a Production Supervisor by the Defendant on April 1, 2019.

8. Beginning around March 14, 2020, Plaintiff began to display severe respiratory symptoms.

9. On March 16th, Plaintiff saw Dr. Keith Kersten at the Minor Care Clinic in Hattiesburg, Mississippi.

10. Dr. Kersten ordered Plaintiff to stay home from work from March 16-19.

11. On March 19th, Plaintiff was still sick, so she called Dr. Kersten's office and her sick leave was extended to the 20th.

12. On the 21st, Plaintiff spoke with the Defendant's Ideal Doctor, Dr. Jonathan Woolery by phone (i.e., Ideal Doctor is a service of Mar-Jac's health insurance provider, Administrative Solutions; it allows members to speak to doctors and be treated by phone).

13. Dr. Woolery diagnosed Plaintiff with an upper respiratory infection and took her off work from March 21st to March 28th.

14. Plaintiff returned to work on March 30th but quickly realized her illness was not over.

15. Plaintiff left work early and went to see Dr. Kersten again on that same day.

16. Dr. Kersten took Plaintiff off work until April 3rd.

17. Plaintiff had been prescribed with an inhaler and nebulizer during this time.

18. Plaintiff recovered sufficiently to work on April 6th.

19. Plaintiff then worked until late April.

20. On April 28th, Plaintiff called the Defendant's Ideal Doctor, Dr. Pamela Svendsen, who took her off work from April 28th to May 1st.

21. On May 4th, Plaintiff was still sick so she called in to work and then went to the Minor Care Clinic again in Hattiesburg, where she was seen by Nurse Practitioner Lauren Garner, who took Plaintiff off work May 4th through the 7th.

22. Every time Plaintiff went to the Minor Care Clinic and was taken off work, she obtained doctor's excuse documentation from the clinic and forwarded it to the Human Resources Clerk, Greta Taylor, who would then give it to HR Manager Letissha Hill.

23. When Plaintiff returned to work on May 7th, Plant Manager Jerome Wheeler confronted her about her multiple absences due to illness and abruptly terminated her.

24. During all this time, there were several confirmed cases of Covid-19 in the plant. Despite Plaintiff's eligibility for FMLA leave, Wheeler neither offered Plaintiff the option to take FMLA leave nor advised her of her rights to take leave pursuant to the FMLA.

## CAUSE OF ACTION

### COUNT I: VIOLATIONS OF THE FMLA

25. Plaintiff alleges and incorporates all averments set forth in paragraphs 1

through 24 above as if fully incorporated herein.

26. Defendant violated the FMLA by terminating Plaintiff for "excessive absenteeism and/or tardiness" when her medical condition necessitated leave pursuant to the terms of the FMLA.

27. Defendant terminated Plaintiff in retaliation for qualifying for and/or taking federally protected leave under the FMLA, 29 U.S.C. §2601 *et seq*. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. In addition, it is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

28. Defendant discriminated against Plaintiff by terminating Plaintiff's employment based on Plaintiff's need to utilize FMLA leave in violation of the FMLA.

29. As a result of Defendant's intentional, discriminatory and unconstitutional acts described above, Plaintiff has suffered and continues to suffer mental anguish, humiliation, emotional distress, all to her detriment and compensable at law.

30. The wrongful conduct of Defendant is evidenced by a consciously indifferent attitude towards employees' rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant so as to deter this type of conduct in the future.

31. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Lost benefits and other pecuniary losses;
3. Liquidated damages;
4. Reinstatement or Future Wages;
5. Punitive damages;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and
7. Such further relief as is deemed just and proper.

THIS the 24th day of June 2020.

Respectfully submitted,

ELAINE HARVEY, PLAINTIFF

By:   /s Louis H. Watson, Jr.
LOUIS H. WATSON, JR.  (MB# 9053)
NICK NORRIS (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ELAINE HARVEY**                                                      **PLAINTIFF**

v.                                                  CASE NO.: 20-390

**MAR-JAC POULTRY MS, LLC**                                            **DEFENDANT**

### SUMMONS

TO: **MAR-JAC POULTRY MS, LLC**
Registered Agent: National Registered Agents, Inc.
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

### NOTICE TO DEFENDANTS

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 1880 Lakeland Drive, Suite G, Jackson, Mississippi 39216, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 25 day of June, 2020.

Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _Karlo Bailey_
Deputy Clerk

## RETURN OF PROCESS SERVER

**STATE OF MISSISSIPPI**

**COUNTY OF** Hinds

(X) I personally delivered copies of the summons on the 7th day of July, 20____, to: National Registered Agents, Inc.
who is designated by law to accept service of process on behalf of _____ Mar-Jac Poultry MS, LLC

( ) After exercising reasonable diligence I was unable to deliver copies of the summons to _____ within _____ County, _____. I served the summons on the ____ day of _____, 20____, at the usual place of abode of said _____ _____ by leaving a true copy of the summons with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served, above the age of sixteen years and, unwilling to receive the summons, and thereafter on the ____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( ) I was unable to serve the summons.

This the 7th day of July, 2020.

MaryAnn Pearma
PROCESS SERVER

**RETURN TO:**

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS  39216-4972